David D. Lawrence, Esq. [State Bar No. 123039]
Email: dlawrence@lbaclaw.com
Christina M. Sprenger, Esq. [State Bar No. 205105]
Email: csprenger@lbaclaw.com
Daniel S. Cha, Esq. [State Bar No. 260256]
E-Mail: dcha@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
2677 North Main Street, Suite 370
Santa Ana, California 92705
Telephone No.: (714) 479-0180
Facsimile No.: (714) 479-0181

Attorneys for Defendants
County Of Los Angeles, Deputy Paulo Cruz,
and Deputy Vincent Cisneros

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CERVANTES, | Case No. CV 12-09889 DDP (MRWx) |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] **PROTECTIVE ORDER** |
| COUNTY OF LOS ANGELES, Deputy PAUL CRUZ #412035 individually and as a peace officer, DEPUTY VICTOR CISNEROS #519470 individually and as a peace officer, DOES 1-10, | *[Stipulation for Protective Order filed concurrently herewith]* |
| Defendants. | **MATTER FOR DETERMINATION BEFORE THE HONORABLE MICHAEL R. WILNER** |

## [PROPOSED] ORDER

Based upon the Stipulation of the parties and good cause appearing therefore, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. <u>Good Cause Statement and Confidential Materials.</u>  Defendants and Plaintiff have agreed that the below-listed categories of documents shall be designated confidential documents and/or writings because Defendants believe, in good faith, that these documents and/or writings are protected by the Official Information Privilege and Defendants' rights of privacy, or are otherwise privileged and confidential.  Confidentiality will be accomplished by affixing a legend to any responsive document or writing, such as "Confidential", "Confidential Documents," "Confidential Material" or words of similar effect. Documents and writings so designated (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this Order.

2. <u>Confidential Information.</u>  This Protective Order shall apply to all Confidential Information produced by Defendants (the "Disclosing Party") to Plaintiff (the "Receiving Party"), specifically including but not limited to information and documents contained in the Defendants' confidential personnel files.  The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Defendants in this matter; originals and copies of relevant documents responsive to the Plaintiff's requests for production of documents obtained from Defendants in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

3. <u>Storage Of Confidential Information.</u>  Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure

and maintain the Confidential Information in their possession. The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

4. <u>Confidential Information Legend.</u>  All documents containing Confidential Information shall be stamped "CONFIDENTIAL," "CONFIDENTIAL DOCUMENTS," "CONFIDENTIAL MATERIAL" or words of similar effect.

5. <u>Limitation Of Use Of Confidential Information.</u>  Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order. Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 8 and 9 of this Order.

6. <u>Testimony Regarding The Confidential Information.</u>  In the case of depositions, any party may orally, during the deposition, designate all or any portion of the deposition testimony given in this litigation as Confidential Information. Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order. Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

7. <u>Inadvertent Disclosure.</u>  If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying all other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential

Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it.

8. <u>Limitations On The Non-Litigation Use Of Confidential Information.</u>  The secrecy and confidentiality of the Confidential Information exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action.  Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Party is prohibited from placing any of the Confidential Information on the internet or providing any of the Confidential Information to any category of persons not designated in Paragraph No. 10 of this Order.

9. <u>Court Filings.</u>  If necessary in the judgment of attorneys for Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.1.  However, nothing in this paragraph shall be construed to bind the Court so as to limit or prevent the publication of any Confidential Information to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Information to be admissible into evidence.

10. <u>Other Persons Authorized To Review Confidential Information.</u>  The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the

Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in Paragraph No. 11 below, and comply with the provisions of that section. Plaintiff shall be authorized to review Confidential Information, subject to the limitations set forth in Paragraph No. 12.

11. <u>Applicability Of Order To Other Persons.</u> Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in this action, *Eduardo Cervantes v. County of Los Angeles, et al.*, United States Central District Court Case No. CV 12-09889 DDP (MRWx), and I hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of any Confidential Information. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.
>
> Dated: _____
> Signature: _____"

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be

employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action.  The Receiving Party's counsel shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

12. <u>Plaintiff's Possession of Materials And Redaction Of Defendants' Personal Identification Information.</u>  Plaintiff may not have possession of any Confidential Information, or material derived therefrom, during any period of incarceration in jail or prison.  Further, any personal identifying information (including, but not limited to, home addresses, home telephone numbers, personal cell phone numbers, dates of birth, social security numbers, and drivers' license numbers) of any individual Defendant or other law enforcement officer, contained in any Confidential Information produced or maintained pursuant to this Order, shall be redacted.  Any Confidential Information that contains any inadvertently unredacted personal identifying information will be subject to the procedures set forth in Paragraph No. 7 of this Order.  Plaintiff's attorneys or agents may not share any of the Defendants' personal identifying information with Plaintiff.

13. <u>No waiver of objections.</u>  Nothing in this Order constitutes any decision by the Court concerning any pending or future potential discovery disputes, or the admission into evidence of any specific document or testimony, or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to any discovery, or admission into evidence, of any document, record, testimony or other information that is subject to this Order.  Nor do Defendants waive any privileges or privacy rights, including, but not limited to, the investigatory files or official information privileges, *see, e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this Order.

14. <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Party or his counsel receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party.  The Receiving Party shall inform the person or entity seeking the information of the existence of this Order and shall not produce the Confidential Information absent a Court Order requiring such production.

15. <u>Return of Confidential Information.</u>  Not more than thirty (30) calendar days after the conclusion (including all appeals) of this case, the Receiving Party, his counsel, and every other person and/or entity who received originals or copies of the Confidential Information, shall return all originals and copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 11 of this Order, to the Disclosing Parties care of:

> Daniel S. Cha, Esq.
> LAWRENCE BEACH ALLEN & CHOI, PC
> 2677 North Main Street, Suite 370
> Santa Ana, California 92705

Alternatively, the Receiving Party, his counsel, and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  If Receiving Party, his counsel, or every other person and/or entity who received originals or copies of the Confidential Information destroy all such material and material derived therefrom within thirty (30 ) calendar days after the conclusion of this case, in lieu of returning the originals or copies of the Confidential Information, counsel for Receiving Party must inform Disclosing Parties of the destruction of all originals and copies of the

Confidential information and material derived therefrom, in writing, within fourteen (14) calendar days of the destruction of all the Confidential Information and material derived therefrom.

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

16. <u>Survivability of Order.</u>  This Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO ORDERED.

Dated: May 12, 2014         /s/ Judge Wilner
_____    _____
                                                 Honorable Michael R. Wilner
                                                 United States Magistrate Judge