O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO CERVANTES,<br><br>             Plaintiff,<br><br>   v.<br><br>COUNTY OF LOS ANGELES;<br>DEPUTY PAUL CRUZ #412035<br>individually and as a peace<br>officer; DEPUTY VICTOR<br>CISNEROS #519470<br>individually and as a peace<br>officer,<br><br>             Defendants.<br>_____ | Case No. CV 12-09889 DDP (MRWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR REMITTITUR**<br><br>[Dkt. 126] |

    Presently before the court is Defendants Paul Cruz and Victor Cisneros' Motion for Remittitur. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I.   Background**

    Plaintiff Eduardo Cervantes alleged that Defendants Cisneros and Cruz, two Los Angeles County Sheriff's Deputies, used excessive force on Plaintiff in the course of an arrest. Plaintiff testified at trial that on November 23, 2010, he was looking at his cell

phone in his parked car in the parking lot of a billiards hall when Defendants ordered Plaintiff to leave his vehicle. Plaintiff testified that Defendants then punched Plaintiff in the face and neck and took Plaintiff to the ground, upon which he struck his head. Surveillance video confirmed that Plaintiff and Defendants went to the ground, but did not clearly record the incident in further detail.

Photos of Plaintiff after the incident show a bruised and swollen eye and scrapes on Plaintiff's face and the back of his head. A video interview of Plaintiff after the arrest shows similar injuries. Plaintiff testified that his treating physician told him several times that he "was fine." The doctor also prescribed Plaintiff 800 milligrams of ibuprofen, which Plaintiff had already been taking for pain related to his prosthetic leg. Plaintiff disagreed with the doctor's assessment, and testified that he still has occasional pain in and around his eye, and that he has suffered from floaters in his vision since the incident. Plaintiff acknowledged on cross examination, however, that while working a construction job in 2012, he was struck in the head by a falling chimney.

Plaintiff further testified that he suffers from emotional pain from the incident. Although Plaintiff only spent "a few hours" in jail, it pained him to tell his family that he had been incarcerated. On cross examination, Plaintiff acknowledged that he had been in jail prior to the incident as well. Plaintiff testified that he has difficulty sleeping and suffers from nightmares about being framed or killed by police officers, and that he is now very nervous about going out in public for fear of

being pulled over and assaulted.  Plaintiff did, however, continue to visit the billiard hall every day even after the incident.[1]

Defendants did not put on a case.  During closing arguments, Plaintiff's attorney asked the jury to award $900,000.  This figure included $200,000 for past physical pain, $300,000 for past emotional pain and suffering, and $400,000 for future pain and suffering.  After deliberating, the jury found for the Plaintiff and awarded him $900,000.[2]  Defendants now move for a remittitur.

## II. Discussion

When a court determines that a damages award is excessive, it may grant a defendant's motion for a new trial or conditionally deny the motion, provided the plaintiff accepts a remittitur. Fenner v. Dependable Trucking Co., Inc., 716 F.2d 598, 603 (9th Cir. 1983); Fed. R. Civ. P. 59(a)(1)(A).  The remittitur, or reduced damage award, "must reflect the maximum amount sustainable by the proof." Oracle Corp. v. SAP AG, 765 F.3d 1081. 1094 (9th Cir. 2014) (internal quotation and citation omitted).  The plaintiff may choose either to accept the reduced damage award or to submit to a new trial. Fenner, 716 F.2d at 603.

As an initial matter, the court rejects Defendants' contention that, to the extent the jury awarded any damages for Plaintiff's future pain and suffering, such award violated the court's

---

[1] Plaintiff had aspirations to be a professional billiards player.

[2] The jury also found that Defendant Cisneros acted maliciously, oppressively, or in reckless disregard of Plaintiff's rights, but awarded no punitive damages.

3

instructions.[3] The court's jury instruction number eighteen instructed the jury to consider, among other factors in determining the amount of compensatory damages, "the nature and extent of the injuries" and "the physical, emotional pain and suffering experienced." That instruction sufficiently encompassed the ongoing nature of Plaintiff's physical and emotional injuries.[4]

Defendants and Plaintiff cite to a series of verdicts in civil rights cases to support their respective arguments that the jury's damages award here was or was not excessive. Damage awards, however, "turn on the facts of each case." Mattschei v. United States, 600 F.2d 205, 209 (9th Cir. 1979). "While analogies to, and comparisons with, other cases may be helpful on many types of issues, their usefulness on questions of damages is extremely limited." United States v. English, 521 F.2d 63, 72 (9th Cir. 1975). The comparisons drawn here are further limited in their utility by their presence on the extreme ends of the factual spectrum. Unlike the plaintiffs in the cases cited, Plaintiff here did not behave in any unlawful or dangerous manner, nor were his physical injuries in any way life-threatening or severe.

---

[3] Plaintiff's objection regarding the timeliness of Defendants' motion is overruled. The clerk's Judgment on the Verdict (Dkt. 113), entered after the return of the Special Verdict Form, to which Plaintiffs did not object, (Dkt. 100, 101) was not a Final Judgment, as explicitly stated in the Judgment on the Verdict itself.

[4] Although Defendants now contend that the instruction should have included the words "and which with reasonable probability will be experienced in the future," Defendants raised no such argument or objection at the time jury instructions were argued. See 9th Cir. Manual of Model Civ. Instructions No. 5.2 (2007).

Defendants focus on the extent of Plaintiff's physical injuries. Even putting aside evidence that Plaintiff's physician repeatedly declared him to be "fine," as well as Plaintiff's subsequent on-the-job head injury, the evidence showed relatively minor, though not insignificant, physical harm from the incident. Plaintiff suffered bruising and swelling of the face and a contusion to the back of his head after being tackled backward to the pavement. He continues to suffer headaches, eye pain, and some internal ocular bleeding. Defendants presented no medical evidence to refute Plaintiff's claims.

As Defendants acknowledge, a damage award for emotional distress may be based on a plaintiff's testimony alone. See Zhang v.American Gem Seafoods, 339 F.2d 1020, 1040 (9th Cir. 2003). Nevertheless, Defendants' argument that the court should reduce the award to no more than $75,000 appears to discount the evidence of Plaintiff's emotional injuries. Plaintiff experienced emotional distress during and immediately after the incident, which triggered painful memories of bullying and feelings of humiliation, embarrassment, and shame. The incident caused lingering emotional effects, including nightmares, difficulty sleeping, and fear of encountering law enforcement so severe that it impinged upon Plaintiff's ability to leave the house and enjoy activities with his family in public spaces. The particulars of Plaintiff's situation might well have lent particular credence to his accounting of his emotional distress. Plaintiff, who has only one leg, was sitting in a parked car, with the windows down, in a parking lot on private property while examining his new cell phone in broad daylight. He was then ordered out of his vehicle based on

the officers' assessment that his car windows were illegally tinted. Within seconds of exiting the vehicle, Plaintiff was punched in the face and tackled backward to the pavement. Evidence of these unique circumstances could exacerbate what otherwise might have been milder emotional injuries.

Considering the totality of the evidence presented, the court finds that the jury's award of $900,000 in compensatory damages was excessive.[5] That said, the evidence could support an amount significantly higher than the $75,000 maximum advocated by Defendants. The court concludes that the evidence before the jury was sufficient to support a maximum award of $500,000.

**III. Conclusion**

For the reasons stated above, Defendants' Motion for Remittitur is GRANTED. The award of damages is remitted from $900,000 to $500,000. Plaintiff shall have fourteen days from the date of this Order to accept or reject the remittitur. Should Plaintiff accept, a final judgment shall issue. Should Plaintiff reject the remittitur, the court shall grant Defendants' Motion for a New Trial in the Alternative.

IT IS SO ORDERED.

Dated: September 3, 2015

DEAN D. PREGERSON
United States District Judge

---

[5] The court also notes that at the time of the trial, there were news stories about instances of excessive force occurring throughout the country.