O

[CLOSED]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EDUARDO CERVANTES, | ) | Case No. CV 12-09889 DDP (MRWx) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: ATTORNEYS' FEES** |
| COUNTY OF LOS ANGELES; DEPUTY PAUL CRUZ #412035 individually and as a peace officer; DEPUTY VICTOR CISNEROS #519470 individually and as a peace officer, | ) | [Dkt. 115, 138] |
| Defendants. | ) | |

Presently before the court is Plaintiff's Motion for Attorneys' Fees.  Having considered the submissions of the parties, including Plaintiff's supplemental motion, the court adopts the following Order.

**I.   Background**

Plaintiff brought suit under 42 U.S.C. § 1983, alleging constitutional violations related to his initial detention by police and by their subsequent use of force upon him, as well as later malicious prosecution.  Defendants moved for partial summary

1  judgment on the claims pertaining to the initial detention and
2  malicious prosecution.  This court, although holding that the
3  detention violated the Fourth Amendment, granted Defendants' motion
4  for partial summary judgment on the basis of qualified immunity.
5  (Dkt. 56 at 9-10.)  The court also granted the motion with respect
6  to Plaintiff's malicious prosecution claim. (Id. at 11.)  Plaintiff
7  proceeded to trial on his excessive force claim.

8      After a three-day trial, the jury found that Plaintiff had
9  been arrested without probable cause and subjected to unreasonable
10 force, and awarded Plaintiff $900,000.00 in compensatory damages.
11 Plaintiff later accepted a remittitur in the sum of $500,000.
12 Plaintiff now moves for attorneys' fees and costs.

13 **II.  Legal Standard**

14     A district court may, in its discretion, award a reasonable
15 attorney's fee to the prevailing party in Section 1983 litigation.
16 42 U.S.C. § 1988(b).  Under Section 1988, "a prevailing plaintiff
17 should ordinarily recover an attorney's fee unless special
18 circumstances would render such an award unjust." Hensley v.
19 Eckerhart, 461 U.S. 424, 4429 (1983) (internal quotation marks
20 omitted).  A plaintiff "prevails" when there is a material
21 alteration of the legal relationship between the parties that
22 modifies the defendant's behavior in a way that directly benefits
23 the plaintiff.  See Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

24     The "starting point for determining the amount of a reasonable
25 fee is the number of hours reasonably expended on the litigation
26 multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433.
27 Courts should exclude hours that were not reasonably expended from
28 the initial fee calculation.  Id. at 434.  There is a strong

presumption that the resulting "lodestar" figure represents a
reasonable fee.  Jordan v. Multnomah County, 815 F.2d 1258, 1262
(9th Cir. 1987).  After calculating the lodestar, other
considerations "may lead the district court to adjust the fee
upward or downward."  Hensley, 461 U.S. at 433.  Among those other
considerations is "the important factor of the 'results obtained.'"
Id.; see also id. at n.9 (suggesting that many factors are often
subsumed within the initial calculation of hours reasonably
expended at a reasonable hourly rate).

**III. Discussion**

    One of Defendants' primary objections to the fees sought is
that Plaintiff seeks fees related to the motion for summary
judgment, even though the court ruled in favor of Defendants with
respect to that motion.  Attorney's fees, however, are not
necessarily limited to work performed on successful claims.  "A
plaintiff who is unsuccessful at a stage of litigation that was a
necessary step to her ultimate victory is entitled to attorney's
fees even for the unsuccessful stage."  Cabrales v. County of Los
Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991). See also Hensley, 461
U.S. at 435 ("A plaintiff who has won substantial relief should not
have attorney's fee reduced simply because the district court did
not adopt each contention raised.").

    The Hensley Court established a two part analysis for
determining attorney's fees where plaintiff has prevailed on some
claims but not others.  See Hensley, 461 U.S. at 434-35.  First,
the court must decide whether the successful and unsuccessful
claims are related.  Though there is no "precise" test of
relatedness, related claims involve "a common core of facts" or are

1   "based on related legal theories." Thorne v. City of El Segundo,

2   802 F.2d 1131, 1141 (9th Cir. 1986).  If the claims are unrelated,

3   hours spent on unsuccessful, unrelated claims should be excluded in

4   considering the amount of a reasonable fee. Hensley, 461 U.S. at

5   440.  Here, there is no question that Plaintiff's unsuccessful

6   claims shared a common core of facts with his successful excessive

7   force claim.

8        The court therefore must, on the second step of the Hensley

9   analysis, evaluate the "significance of the overall relief obtained

10  by the plaintiff in relation to the hours reasonably expended on

11  the litigation." Hensley, 461 U.S. at 435.  "If the plaintiff

12  obtained 'excellent results,' full compensation may be appropriate,

13  but if only 'partial or limited success' was obtained, full

14  compensation may be excessive." Thorne, 802 F.2d at 1141 (9th Cir.

15  1986).[1]  There can be little doubt that Plaintiff obtained

16  excellent results on his surviving claim and overall, as he

17  obtained a jury verdict in his favor and a sizable award of

18  damages.  Indeed, the jury's damages award was so large that this

19  court ordered it remitted to $500,000.  (Dkt. 134 at 6.)

20  Given Plaintiff's success, the court concludes that he is entitled

21  to fees at a reasonable rate for reasonable hours expended on even

22  his unsuccessful claims.

23       The court must then determine the lodestar product of

24  reasonable hours at a reasonable rate.  "[T]he fee applicant bears

25  the burden of establishing entitlement to an award and documenting

26  _____

27       [1] The term "full compensation" refers not to the amount sought
    as attorneys' fees, but rather to the lodestar product of
28  reasonable hours at a reasonable rate.  See Hensley, 461 U.S. at
    436.

the appropriate hours expended . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437.  In general, the court finds the documentation submitted by Plaintiff's counsel adequate.  The court overrules Defendants' objections regarding the specificity of the records provided and the reasonableness of the hours expended, with certain exceptions, as follow.

     With respect to Mr. Conlogue, the court finds the hours billed in connection with Defendants' successful summary judgment motion excessive.  The court finds thirty hours a reasonable expenditure of time on those matters.  With respect to Mr. Avina, the court finds the amount of time spent practicing cross examination excessive, and subtracts the twenty-five hours expended for that purpose.  The court also finds that 10 hours would have been sufficient to prepare cross examinations of the Defendants, rather than the 23.1 hours sought.  The court further finds the 1.8 hours spent drafting a timeline of a short surveillance video to be excessive, and that 0.8 hours would have sufficed.  Lastly, the court finds $592.51 in out of pocket costs untimely submitted.  With respect to Mr. Beck, 0.3 of the hours billed appear to be unrelated to this matter.  The court also finds 0.4 hours spent agreeing to an extension of time and noting a new appearance on behalf of Defendants to be unreasonable.  It further appears that Mr. Beck unreasonably billed, after he no longer represented Plaintiff, for 1.7 hours of work unrelated to the determination of his fees.

     As to the determination of a reasonable rate for the work performed, it is Plaintiff's burden to show that the hourly rates

1  his counsel seeks are in line with the rates charged for similar

2  services by attorneys in this district of comparable skill,

3  experience, and reputation.  See Chaudhry v. City of Los Angeles,

4  751 F.3d 1096, 1110-11 (9th Cir. 2014).  The court is satisfied

5  that $700 per hour is an appropriate hourly rate for Mr. Beck.

6  The court is not convinced, however, that $530 per hour is a

7  reasonable rate for Mr. Avina.  The focus of Mr. Avina's work prior

8  to this case has been criminal defense, and his experience in the

9  civil rights arena appears limited.  Further, this was Mr. Avina's

10  first federal jury trial.  Accordingly, the court finds $400 per

11  hour a more appropriate rate.  Mr. Conlogue, similarly, acquitted

12  himself well in this case, but was approximately two years out of

13  law school and was participating in his first federal trial.

14  Accordingly, the court grants Mr. Conlogue fees at a rate of $275

15  per hour, rather than the $350 he seeks.  It further appears to the

16  court that the prevailing rate for paralegal work is $125 per hour,

17  not the $250 per hour that counsel seek.  See Aarons v. BMW of

18  North America, LLC, No. CV 11-7667 PSG, 2014 WL 4090564 at *16

19  (C.D. Cal. Apr. 29, 2014).

20  **IV. Conclusion**

21      For the reasons stated above, Plaintiffs' Motion for Attorney

22  Fees and Costs is GRANTED, in part.  Mr. Conlogue reasonably

23  expended 369.6 hours at $275 per hour, plus 8.9 paralegal work

24  hours at $125 per hour, plus $116.70 in out-of-pocket costs, for a

25  total of $102,869.20.  Mr. Avina reasonably expended 204.7 hours at

26  $400 per hour, plus 5.5 paralegal hours at $125 per hour, plus $753

27  in out-of-pocket expenses, for a total of of $83,320.  Mr. Beck

28  reasonably expended 103.4 hours at $700 per hour, plus $5,735.42 in

out-of-pocket costs, for a total of $78,115.42.[2]  The court awards a grand total of $264,304.62 in attorneys' fees and unreimbursed expenses.

IT IS SO ORDERED.

Dated: February 24, 2016

DEAN D. PREGERSON
United States District Judge

---

[2] Although Mr. Beck's records were sufficiently clear and detailed to satisfy his burden, the court notes that he did not provide a total of his number of hours worked.

7